UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PS KIDS, LLC, individually and on Behalf of all other similarly situated persons and entities, | )<br>)<br>) |
| | ) Case No.: |
| Plaintiff, | )<br>) State Cause No.: 17SL-CC02652 |
| | ) |
| v. | ) |
| | ) |
| PAYMASTER BUSINESS SERVICES, INC., PAYMASTER BUSINESS SOLUTIONS, INC., PAYMASTER PAYROLL SERVICES, INC., BRAD FERGUSON, and MPAY, INC., | )<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant MPay Inc. ("MPay") and files this Notice of Removal of the above-captioned action to the United States District Court for the Eastern District of Missouri, Eastern Division, under 28 U.S.C. § 1446 and/or in the alternative, 28 U.S.C. Section 1332(d), and states:

1. On July 24, 2017, Plaintiff PS Kids, LLC filed a class action Petition asserting claims for negligent misrepresentation and negligence against Defendant MPay and negligence and breach of contract claims against Defendants Paymaster Business Services, Inc., Paymaster Business Solutions, Inc., Paymaster Payroll Services, Inc. and Brad Ferguson (the "Paymaster Defendants") in the Circuit Court for St. Louis County, Cause No. 17SL-CC02652.

2. Plaintiff's Petition seeks to recover money that the Paymaster Defendants, which provided payroll services to Plaintiff, allegedly misappropriated rather than paying to the taxing authorities on Plaintiff's behalf.

## BASIS FOR REMOMVAL

A. **Diversity Jurisdiction under 28 U.S.C. Section 1446**

3. The controversy in the above-referenced action is wholly between citizens of different states:

   a. Plaintiff is a limited liability company duly organized and existing under the laws of the State of Missouri with its principal place of business in St. Louis County, Missouri. (*See* State Court File, Petition at paragraph 1).

   b. MPay is a Massachusetts corporation with its principal place of business in North Carolina. (Petition at paragraph 7)[1].

   c. While the Paymaster Defendants are identified in the Petition as residents of the State of Missouri, those Defendants are not necessary or proper parties to this lawsuit in that those Defendants have only been fraudulently and pretensively joined for the sole purpose of defeating federal jurisdiction and preventing the removal of the action to this Court. Plaintiff has no real intention of prosecuting the action against these Defendants, as evidenced by the fact that Plaintiff previously received an interlocutory order of default against these same Defendants in a prior action, but dismissed them shortly before trial rather than securing a final judgment against them.

   d. A copy of Defendant MPay's Motion to Dismiss for Improper Joinder and For Removal is filed contemporaneously and incorporated by reference into this Notice of Removal.

---

[1] Plaintiff lists MPay's principle place of business as Roanoke, Virginia it its Petition. While this was previously true, MPay's current principle place of business is now located in North Carolina.

2

4. The matter in controversy, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000) in that Plaintiff's Petition claims that Plaintiff has been damaged in the amount in excess of $70,000 and Plaintiff asserts a claim for punitive damages against Defendant MPay, Inc. (*See* Petition at Paragraph 10 and Paragraph 56).

5. This Notice of Removal has been filed within thirty days after receipt by Defendant MPay of a copy of Plaintiff's initial pleadings setting forth the claim for relief upon which said action is based. Therefore, this Notice of Removal has been timely filed under 28 U.S.C. § 1446.

6. Because complete diversity of citizenship exists between Plaintiff and Defendant MPay, because the Paymaster Defendants have been improperly and fraudulently joined as defendants in this lawsuit, and because the amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000), removal to this Court is proper under 28 U.S.C. §§ 1332 and 1446.

7. Defendant MPay files herewith a copy of all process, pleadings, and orders relevant hereto. The complete state court file is filed as an attachment to this Notice of Removal.

8. As required under 28 U.S.C. Section 1446(d), Defendant is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of St. Louis County, Missouri and serving Plaintiff with the Notice of Removal.

**B.    Removal under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. Section 1332(d)**

9. In the alternative, removal of this action is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. Section 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a state different from any defendant. As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction

under CAFA. *See Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 758 (7th Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) (requiring removal of consumer class actions which satisfy CAFA requirements).

10.     This action meets the CAFA definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure." 28 U.S.C. Sections 1332(d)(1)(B), 1453(a) & (b).

11.     According to the Petition, Plaintiff is a limited liability company duly organized and existing under the laws of the State of Missouri with its principal place of business in St. Louis County, Missouri. (Petition at paragraph 1). MPay is a Massachusetts corporation with its principal place of business in North Caroloina. (Petition at paragraph 7). Accordingly, a member of the purported class in this case – Plaintiff PS Kids – is a citizen of a state (Missouri) that is different from Defendant (Massachusetts or North Carolina), thus satisfying the diversity requirements of 28 U.S.C. Section 1332(d)(2)(A). *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 594 n.12 (2005) (holding a defendant must make only a "minimal" showing of diversity by demonstrating that at least one member of the proposed plaintiff's class is a citizen of a different state from defendant).

12.     Named Plaintiff brings its action on behalf of the following proposed class: All persons or entities located or doing business in the State of Missouri from which Paymaster/Ferguson misappropriated payroll money in 2013. (Petition at paragraph 16). According to the Petition, there are dozens of potential class members. (Petition at paragraph 17). In the criminal indictment alleged against Brad Ferguson, federal prosecutors indicated that the misappropriation occurred from 2005 to 2014. There is no indication in the criminal proceedings with regard to how many companies the Paymaster Defendants embezzled from, or when the

4

embezzlement occurred. However, during this time from, on information and belief, Paymaster had more than 100 customers that it could have embezzled funds from and therefore who could potentially be members of a putative class. As such, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. Section 1332(D)(5)(B).

13. Without conceding any merit to the Petition's allegations or causes of action, the amount in controversy here satisfies the jurisdictional threshold. As the Eighth Circuit has explained, the relevant jurisdictional fact is not whether the damages are greater than $5,000,000 but whether a fact finder might legally conclude that they are. *See Grawitch v. Charter Communications*, 750 F.3d 956, 959 (2014), citing *Hargis v. Access Capital Funding*, LLC, 674 F.3d 783, 789 (8th Cir. 2012). Here, Plaintiff has alleged that the class was collectively damaged in an amount up to $3,124,000.00. (Petition at paragraph 10). In addition, Plaintiff seeks punitive damages. When those punitive damages are taken into account in conjunction with the specifically identified $3,124,000.00 damages, it is conceivable Plaintiff and the putative class could recover over $5,000,000 in this lawsuit.

14. As of this date, the court docket in the underlying state court date does not reflect that any other Defendant besides MPay has been served with the petition in this matter.

15 By filing this Notice of Removal, Defendant MPay does not waive any defenses which may be available to it, including but not limited to lack of personal jurisdiction. Defendant will be raising the issue of lack of personal jurisdiction within the time period allowed under Federal Rule of Civil Procedure 81.

WHEREFORE, MPay respectfully requests that this Court accept jurisdiction of this action.

Respectfully submitted,

/s/ T. Michael Ward

| T. Michael Ward | #32816 |
|---|---|
| mward@bjpc.com | |
| Teresa M. Young | #53427 |
| tyoung@bjpc.com | |
| Kelly M. Brunie | #62772 |
| kbrunie@bjpc.com | |

BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri  63101
(314) 421-3400
(314) 421-3128 Facsimile
*Attorneys for Defendant MPay, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 7, 2017 the above and foregoing pleading was filed electronically with the above-captioned Court with notice of case activity to be generated and sent electronically by the Clerk of Court to all parties of record. A copy of this pleading was also served by email on September 7, 2017 and by United States Mail, postage prepaid, on September 8, 2017, to:

Mr. Michael Hunter,
Williams Venker & Sanders, LLC
Attorneys for Plaintiff
100 North Broadway, 21st Floor
St. Louis, MO  63102
mhunter@wvslaw.com

*/s/ T. Michael Ward*