UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PS KIDS, LLC, individually and on Behalf of all other similarly situated persons and entities,<br><br>Plaintiff,<br><br>v.<br><br>PAYMASTER BUSINESS SERVICES, INC., PAYMASTER BUSINESS SOLUTIONS, INC., PAYMASTER PAYROLL SERVICES, INC., BRAD FERGUSON, and MPAY, INC.,<br><br>Defendants. | Case No.: 4:17-cv-2374<br><br>State Cause No.: 17SL-CC02652<br><br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT MPAY, INC.'S MOTION TO DISMISS AND TO REMOVE FOR IMPROPER AND PRETENSIVE JOINDER AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW Defendant, MPay Inc. ("MPay"), by and through its undersigned counsel, and for its Motion to Dismiss and to Remove states as follows:

**MOTION TO DISMISS**

1. As discussed below, Plaintiff PS Kids, LLC has no real intention of prosecuting this action against Defendants Paymaster Business Services, Inc., Paymaster Business Solutions, Inc., Paymaster Payroll Services, Inc. and Brad Ferguson, as demonstrated by a prior lawsuit where Plaintiff obtained an interlocutory order of default against those parties but dismissed those parties instead of pursing a default judgment. Instead, Plaintiff has added those parties to this lawsuit for the sole purpose of preventing Defendant MPay from removing this case to federal court. Plaintiff should not be allowed to deprive the federal court of jurisdiction in this manner, and those

Defendants should be dismissed or in the alternative ignored for purposes of determining diversity in connection with the removal to federal court.

## MEMORANDUM OF LAW

2. In general, through this lawsuit, Plaintiff seeks to recover money that the Paymaster Defendants, which provided payroll services to Plaintiff, allegedly misappropriated rather than paying to the taxing authorities on Plaintiff's behalf.

3. In July 24, 2017, Plaintiff PS Kids LLC filed this class action Petition asserting various claims for negligent misrepresentation and negligence against Defendant M Pay Inc. along with other negligence and breach of contract claims against Defendants Paymaster Business Services, Inc., Paymaster Business Solutions, Inc., Paymaster Payroll Services, Inc. and Brad Ferguson in the Circuit Court for St. Louis County, Cause No. 17SL-CC02652.

4. Plaintiff previously filed a state court action against Defendants MPAY, Paymaster Business Services, Inc., Paymaster Business Solutions, Inc., Paymaster Payroll Services, Inc. and Brad Ferguson. That case was filed in St. Louis County, case no. 14-SL-CC00185 and was generally based on the same facts as the present lawsuit.

5. In that prior lawsuit, Plaintiff filed a Motion requesting an interlocutory default against Defendants Paymaster Business Services, Inc., Paymaster Business Solutions, Inc., Paymaster Payroll Services, Inc. and Brad Ferguson. (*See* Exhibit A, Plaintiff's Motion for Interlocutory Order of Default). The Court entered an order finding those Defendants in default on November 24, 2014. (See Exhibit B, Court order).

6. Plaintiff could have turned its interlocutory order of default into a default judgment against those defendants. Instead, shortly before the trial setting, Plaintiff voluntarily dismissed Paymaster Business Services, Inc., Paymaster Business Solutions, Inc.,

Paymaster Payroll Services, Inc. and Brad Ferguson.  (See Ex. C, Notice of Voluntary Dismissal). MPay was not dismissed in that voluntarily dismissal, and Plaintiff continued to prosecute its action against MPay for roughly another year.

7. Plaintiff has now filed the above-captioned lawsuit against MPay and against the other parties that were previously subject to the interlocutory order of default in the prior lawsuit.

8. Under the doctrine of fraudulent joinder, joinder of a party that is designed solely to deprive federal courts of jurisdiction is deemed fraudulent and does not prevent removal. Augustine v. Target Corp., 259 F.Supp. 2d 919, 921 (E.D. Mo 2003)   *see also,* Reeb v. Wal-Mart Stores, Inc., 902 F.Supp. 185, 187 (E.D. Mo. 1995); *citing* Anderson v. Home Insurance Co., 724 F.2d 82, 84 (8th Cir. 1983).  Joinder is fraudulent, if on the face of the state court complaint, no cause of action lies against the resident defendant. Reeb*,* at 187; Anderson*,* at 84. If there is no reasonable basis in fact or law supporting the claim against the resident defendant, **or the reviewing court finds that the plaintiff has no real intention of prosecuting the action against the resident defendant**, joinder is fraudulent and removal is proper. *Id.* (emphasis added).

9. It is evident that Plaintiff has no real intention of prosecuting the action against Paymaster Business Services, Inc., Paymaster Business Solutions, Inc., Paymaster Payroll Services, Inc. and Brad Ferguson.  If Plaintiff did have the intention of prosecuting the action against those defendants, Plaintiff would not have chosen to dismiss those parties from the prior lawsuit after obtaining an interlocutory order of default judgment against those parties in the prior lawsuit.  Instead, Plaintiff has added those parties to this lawsuit with the sole purpose of preventing removal to federal court.  Those Defendants should therefore be dismissed, or in the alternative ignored for purposes of diversity jurisdiction.  *See* Powers v. Wireless Horizon, Inc.,

2017 WL 550581 *4 fn. 7 (E.D. Mo. February 10, 2017) (plaintiffs' failure to move for default judgment against defendant demonstrates plaintiffs may never have had good faith intention to prosecute claim against that defendant and therefore supports finding that defendant was fraudulently joined).

WHEREFORE, Defendant MPay, Inc. prays that this Court finds that Plaintiff has fraudulently joined Paymaster Business Services, Inc., Paymaster Business Solutions, Inc., Paymaster Payroll Services, Inc. and Brad Ferguson and accept removal of Plaintiff's cause of action from the Circuit Court of St. Louis County.

Respectfully submitted,

/s/ T. Michael Ward

T. Michael Ward     #32816
mward@bjpc.com
Teresa M. Young     #53427
tyoung@bjpc.com
Kelly M. Brunie     #62772
kbrunie@bjpc.com
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri  63101
(314) 421-3400
(314) 421-3128 Facsimile
*Attorneys for Defendant MPay, Inc.*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on September 7, 2017 the above and foregoing pleading was filed electronically with the above-captioned Court with notice of case activity to be generated and sent electronically by the Clerk of Court to all parties of record. A copy of this pleading was also served by email on September 7, 2017 and by United States Mail, postage prepaid, on September 8, 2017, to:

Mr. Michael Hunter,
Williams Venker & Sanders, LLC
Attorneys for Plaintiff
100 North Broadway, 21st Floor
St. Louis, MO  63102
mhunter@wvslaw.com

                                                   */s/ T. Michael Ward*