**17SL-CC02652**

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

PS KIDS LLC, individually and on ) 
behalf of all other similarly situated persons )
and entities )
                       )
       Plaintiff, )
                       )
v. )         No.
                       )
PAYMASTER BUSINESS SERVICES, )      Division No.
INC., )
Serve At:  President/Registered Agent )
             Brad Ferguson )
             Register # 41619-044 )      JURY TRIAL DEMANDED
             USP Leavenworth )
             U.S. Penitentiary )
             P.O. Box 1000 )
             Leavenworth, KS 66048 )
                       )
And )
                       )
PAYMASTER BUSINESS SOLUTIONS, )
INC., )
Serve At:  President/Registered Agent )
             Brad Ferguson )
             Register # 41619-044 )
             USP Leavenworth )
             U.S. Penitentiary )
             P.O. Box 1000 )
             Leavenworth, KS 66048 )
                       )
And )
                       )
PAYMASTER PAYROLL SERVICES, )
INC., )
Serve At:  President/Registered Agent )
             Brad Ferguson )
             Register # 41619-044 )
             USP Leavenworth )
             U.S. Penitentiary )
             P.O. Box 1000 )
             Leavenworth, KS 66048 )

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

```
                                        )
And                                     )
                                        )
BRAD FERGUSON,                          )
Serve At:  Register # 41619-044         )
            USP Leavenworth             )
            U.S. Penitentiary           )
            P.O. Box 1000               )
            Leavenworth, KS 66048       )
                                        )
And                                     )
                                        )
M PAY INC.,                             )
Serve At:  Registered Agent             )
            CT Corporation System       )
            504701 Cox Road, Ste. 285   )
            Glen Allen, Virginia  23060 )
                                        )
            Defendants.                 )
```

## CLASS ACTION PETITION

COMES NOW Plaintiff, PS Kids LLC, individually and on behalf of all other similarly situated persons and entities and state as follows for their causes of action against Defendants:

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

### Named Plaintiff

1.  Plaintiff PS Kids LLC (hereinafter also the "Named Plaintiff") brings this action on behalf of itself and on behalf of the class of all persons similarly situated as more specifically described herein (hereinafter also the "Class Plaintiffs"). Upon information and belief, there are dozens of Class Plaintiffs.

2.  Plaintiff PS Kids LLC is a Missouri Limited Liability Company engaged in the provision of pediatric physical, occupational and speech therapy. Its office and principle place of business are in St. Louis County, Missouri. Its Managing Member is a resident and citizen of St. Louis County, Missouri.

2

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

**Defendants**

3.      Defendant Paymaster Business Services, Inc. is a corporation organized and existing under the laws of the State of Missouri formed on June 18, 2010 and in good standing at the time of the actions mentioned herein.  It held itself out as providing payroll, tax filing and reporting services for small businesses.  It did business as "Paymaster".  Its principle place of business was at 1702 Gilsinn Lane, Fenton, Missouri 63026 while the torts herein were committed before it ceased operations in late December 2013 without notice to its customers and the Class Plaintiffs herein including, but not limited to, the Named Plaintiff.  It performed payroll services for the Named Plaintiff and the Class Plaintiffs until it closed without notice in late December 2013. Its registered agent is Brad Ferguson, a Missouri resident, who is currently incarcerated in Leavenworth USP.

4.      Defendant Paymaster Business Solutions, Inc. was a corporation organized on July 13, 2009, and existing under the laws of the State of Missouri.  Unbeknownst to the Named Plaintiff, it was administratively dissolved on February 24, 2011, for failing to file an annual report.  It held itself out as providing payroll, tax filing and reporting services for small businesses.  It, like Paymaster Business Services, Inc., did business as "Paymaster".  It no longer has a principle place of business.  Its registered agent is Brad Ferguson, a Missouri resident, who is currently incarcerated in Leavenworth USP.  It provided payroll services to the Named Plaintiff and the Class Plaintiffs at least until Paymaster Business Services, Inc. was formed.

5.      Defendant Paymaster Payroll Services, Inc. is a corporation organized on September 8, 1999, and existing under the laws of the State of Missouri.  Unbeknownst to the Named Plaintiff, it was administratively dissolved on September 8, 2011 for failure to file an annual report.  It held itself out as providing payroll, tax filing and reporting services for small

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

businesses.  It, like Paymaster Business Services, Inc., did business as "Paymaster".  It no longer

has a principle place of business. Its registered agent is Brad Ferguson, a Missouri resident, who

is currently incarcerated in Leavenworth USP.  The Named Plaintiff first began using

"Paymaster" for its payroll in 2007 when only this corporation existed so this corporation must

have performed these services until July 13, 2009.  Brad Ferguson is and was President and

Registered Agent of all of these Paymaster entities.

6.      Defendant Brad Ferguson was at all relevant times an agent, servant and

employee of Defendants Paymaster Business Services, Inc., Paymaster Business Solutions, Inc.

and Paymaster Payroll Services, Inc. (hereinafter also collectively referred to as "the Paymaster

entities"), each of which did business under the name "Paymaster" until December 2013. He is a

Missouri resident, who is currently incarcerated in Leavenworth USP, where he may be served

with process.

7.      Defendant M Pay, Inc. is a Massachusetts corporation with its principle place of

business in Virginia.  It provides benefit and human resource consulting services and electronic

payroll services, software and forms including, but not limited to, payroll processing services.  It

provided Paymaster's clients, including the Named Plaintiff and the Class Plaintiffs, payroll

processing services pursuant to a relationship, contract and agreement with each of the

Paymaster entities.  It was involved in the generation of payroll checks and the generation of

reports pertaining to payment and withholding of payroll taxes, including but not limited to city,

state a federal income taxes, and with the storage and backup of payroll and tax data for

Paymaster's clients, including the Named Plaintiff and the Class Plaintiffs.

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

## Jurisdiction and Venue

8.  Defendant M Pay, Inc. purposefully directed its activities toward the State of Missouri generally by offering its goods and services systemically throughout Missouri. It further directed activities toward the State of Missouri through its contractual and agency relationship with the Paymaster entities, contracting for and conducting payroll processing services for the Named Plaintiff and the Class Plaintiffs, which are entities located and doing business in the State of Missouri, and through committing the torts which will be described hereinafter, all of which occurred in the State of Missouri. At all relevant times, Defendant M Pay, Inc. provided its services to profit from its relationship with the Paymaster entities even after it was informed on multiple occasions by former employees of Paymaster Business Services, Inc. that, unbeknownst to the Paymaster entities' customers, it had insufficient staff, equipment and funding to conduct its business, was not properly processing payroll taxes and, rather, was stealing and misappropriating client payroll funds. Further, it continued to provide services to profit from payroll processing fees from Paymaster's clients after being told that Paymaster was misappropriating client payroll money and while it knew that Paymaster was perpetually behind in making payments owed to MPay. It continued to provide services to profit from payroll processing fees from Paymaster's clients even after being informed that Paymaster was going out of business. It is, therefore, subject to the jurisdiction of this Court.

9.  The defendants provided payroll services to the Named Plaintiff and the Class Plaintiffs, including but not limited to, withholding, paying and reporting on federal, state and local payroll taxes that the Named Plaintiff and the Class Plaintiffs were responsible for paying for their employees. To accomplish this task, the Named Plaintiff and the Class Plaintiffs allowed the Paymaster entities to electronically withdraw for each pay period an amount

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

sufficient to cover both the payroll made to their employees and cover all taxes which the Named Plaintiff and the Class Plaintiffs, as employers, were required to remit to city, state and federal taxing authorities. Defendants calculated the applicable taxes due, electronically deposited the payroll funds into the accounts of the Named Plaintiff's and the Class Plaintiffs' employees, and directly paid federal, state and local taxing authorities amounts due and owing. Defendants filed required reports with the applicable taxing authorities. Defendants also produced detailed reports for the Named Plaintiff and the Class Plaintiffs showing the amounts paid to their employees and the amounts purportedly paid by them to the federal, state and local taxing authorities. MPay further contracted to and did provide payroll services to the Paymaster entities and its clients, including, but not limited to the Named Plaintiff and the Class Plaintiffs, which involved calculation of payroll taxes and reporting of said payments through its software and software application services pertaining to federal, state and local payroll taxes. MPay contracted and agreed with the Paymaster entities for its software and applications to produce detailed reports for the Named Plaintiff and the Class Plaintiffs showing the amounts paid to their employees and the amounts that were purportedly paid by them to the federal, state and local taxing authorities and for the backup of payroll data, among other things that are set forth in detail in the three contracts between MPay and Paymaster of which the Named Plaintiff is currently aware.

10.    Beginning in July 2013, despite contractual obligations, prior course of dealing, MPay reports indicating that the taxes were paid by Paymaster, and the storage and backup of payroll and payroll tax data of the Named Plaintiff and unbeknownst to the Named Plaintiff, Paymaster did not pay the taxes of the Named Plaintiff. The Class Plaintiffs incurred these losses during the calendar year 2013. Approximately $70,000.00 of the Named Plaintiff's money and

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

more than $1,000,000.00 but less than $3,124,000.00 of the Class Plaintiffs' money which was reported as being paid to the taxing authorities was, in fact, never paid and was misappropriated by Paymaster/Ferguson.  During 2013, Paymaster and Ferguson misappropriated millions of dollars of dozens of Paymaster client's payroll money, and approximately $3.124 million remains unrecovered.

11.    As a result, the Named Plaintiff has been damaged in that approximately $70,000 of Plaintiff's money was wrongfully taken.  Further, the Named Plaintiff became liable for interest and some penalties on the unpaid taxes, has had to retain counsel and a new payroll service to attempt to rectify its payroll and tax situation, and its employees have spent numerous hours diverted from their normal job tasks to deal with this investigation and the taxing authorities.  The Class Plaintiffs have each incurred damages of a similar nature.

12.    Venue is proper in that the causes of action herein arose in St. Louis County, Missouri.

13.    Plaintiff PS Kids LLC previously filed substantially similar allegations against Defendants Brad Ferguson and the Paymaster entities and voluntarily dismissed those claims without prejudice on July 25, 2016.  This action in being filed within one year of that dismissal.

14.    Plaintiff PS Kids LLC previously filed substantially similar allegations against Defendant MPay, Inc. and voluntarily dismissed those claims without prejudice on June 13, 2017.  This action is being filed within one year of that dismissal.

## CLASS ALLEGATIONS

15.    The Named Plaintiff herein seeks to bring this case as a class action, under Missouri law, on behalf of itself and on behalf of the entire class of persons or entities, described below, who are similarly situated.

7

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

16.    Pursuant to Missouri Rule of Civil Procedure 52.08, the Named Plaintiff brings this action on its own behalf and on behalf of the proposed Class Plaintiffs consisting of:

> All persons or entities located or doing business in the State of Missouri from which Paymaster/Ferguson misappropriated payroll money in 2013.

17.    The proposed Class Plaintiffs consist of dozens of persons or entities and as such the joinder of all of its members would be impracticable.  The proposed Class Plaintiffs are geographically diverse, both within and outside of the State of Missouri, adding to this impracticability.  What is more, the damage amounts suffered by many of the proposed Class Plaintiffs are not such that individual lawsuits are a reasonable and practical option.

18.    Excluded from the class are: federal, state or local governments, including but not limited to their respective departments, agencies, boards, divisions, bureaus, sections, counsels and/or subdivisions; any entity in which defendants have a controlling interest, to include but not be limited to their legal representative, heirs, and successors; all persons or entities who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and any judicial officer in the lawsuit and/or persons with the third degree of consanguinity to such judicial officer.

19.    The Class Plaintiffs may be identified by records maintained by defendants in addition to names on a list of Restitution Payees filed on or about October 13, 2015 in cause number 4:14-cr-00051-ERW, previously pending in the United States District Court for the Eastern District of Missouri.  Notice may be provided (if deemed necessary by this Court) by means of published notice.

20.    There is no diversity of citizenship between the Named Plaintiff and all named Defendants. The total damages are less than $5,000,000.00.  Plaintiff stipulates and agrees that

8

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

compensatory and punitive damages sought will not exceed $5,000,000.00. Thus, there is no diversity or CAFA jurisdiction.

21.     There are questions of fact arising in this action which are common to the Named Plaintiff and all potential Class Plaintiffs, including but not limited to:

a.  The methods used by Brad Ferguson to misappropriate funds and conceal the misappropriation of said funds;

b.  The knowledge of MPay of the misappropriation and the facts and circumstances surrounding it, including knowledge of accounts, data and reports regarding their payroll money and staffing and monetary problems of the Paymaster entities;

c.  The role of MPay in the misappropriation and misrepresentation of what was being done with the Named Plaintiff's and the Class Plaintiffs' payroll money, including knowledge of accounts, data and reports regarding their payroll money, and staffing and monetary problems of the Paymaster entities;

d.  The duty of the Paymaster entities and MPay to the Named Plaintiff and the Class Plaintiffs with regard to representations to the Named Plaintiff and to the Class Plaintiffs about their payroll money;

e.  The duty of the Paymaster entities and MPay to the Named Plaintiff and the Class Plaintiffs with regard to data storage and maintenance;

f.  The duty of the Paymaster entities and MPay to the Named Plaintiff and the Class Plaintiffs to take any action;

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

g.    Whether the acts or omissions of the Paymaster entities and MPay contributed to cause the damages to the Named Plaintiff and the Class Plaintiffs.

22.    The claims of the Named Plaintiff are typical of the claims of the Class Plaintiffs and predominate over any questions affecting only individual members.  There is a sufficient relationship between the damage to the Named Plaintiff and Defendants' conduct affecting the Class Plaintiffs, and the Named Plaintiff has no interests adverse to the Class Plaintiffs.

23.    The Named Plaintiff has retained competent counsel.

24.    The class action mechanism is superior to any alternatives that might exist for the fair and effective adjudication of this cause of action.  Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort and judicial resources.  A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.  Moreover, class treatment is the only realistic means by which the Named Plaintiff and the Class Plaintiffs, with relatively small individual claims, can effectively litigate against such large corporate entities as Defendants.  Numerous, repetitive individual actions would also place an enormous burden on the Missouri Courts as they are forced to review duplicative evidence and repeatedly decide over the same issues relating to the conduct of Defendants.

25.    There are no unusual difficulties likely to be encountered in the management of this case as a class action and the Named Plaintiff and its counsel are not aware of any reason why this case should not proceed as a class action under the state common law.

## COUNT I – (NEGLIGENCE)
### The Named Plaintiff and the Class Plaintiffs vs. the Paymaster Entities

COME NOW Plaintiff PS Kids LLC and the Class Plaintiffs and for Count I of their Class Action Petition state:

26.     The Named Plaintiff and the Class Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 25 of the General Allegations as though fully set forth herein.

27.     Defendants Paymaster Business Services, Inc., Paymaster Payroll Services, Inc. and Paymaster Business Solutions, Inc., and each of them, were negligent in: (a) failing to train employees, including but not limited to Brad Ferguson; (b) failing to pay payroll taxes for the Named Plaintiff and the Class Plaintiffs; (c) failing to institute procedures to make sure that agents, officers and employees could not misappropriate funds from client accounts; (d) failing to institute proper procedures to make sure that the Named Plaintiff's and the Class Plaintiffs' payroll taxes were paid after their money had been withdrawn from their accounts for that purpose; (e) failing to institute appropriate procedures and processes whereby a single employee could not individually misappropriate funds from client accounts;  (f) failing to supervise their employees, including but not limited to Brad Ferguson; (g) failing to generate accurate accounting reports which were provided to the Named Plaintiff and the Class Plaintiffs; (h) failing to keep separate and properly account for the funds of the Named Plaintiff and the Class Plaintiffs;  (i) failing to adequately staff operations; (j) failing to adequately capitalize operations; (k) failing to perform contractual obligations to the Named Plaintiff and the Class Plaintiffs; (l) failing to maintain and protect funds in a client trust account; and in other ways which will be learned during discovery.

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

28.      As a direct and proximate result of the negligence of these Defendants, the Named Plaintiff and the Class Plaintiffs were damaged.

29.      These Defendants as set forth above acted with recklessness, willfulness and conscious disregard for the rights of their clients, including the Named Plaintiff and the Class Plaintiffs, and are therefore liable for punitive damages to deter them and others from like conduct.

WHEREFORE Plaintiff, PS Kids LLC, prays on behalf of itself and the Class Plaintiffs for judgment against Paymaster Business Services, Inc., Paymaster Business Solutions, Inc. and Paymaster Payroll Services, Inc. for compensatory damages in an amount in excess of the jurisdictional minimum of this Court and punitive damages and for such other and further relief as this Court deems just and proper.

### COUNT II – (MISREPRESENTATION)
### The Named Plaintiff and the Class Plaintiffs vs. the "Paymaster" Entities and Ferguson

COME NOW the Named Plaintiff and the Class Plaintiffs and for Count II of their Class Action Petition state:

30.      The Named Plaintiff and the Class Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 29 of the General Allegations and of Count I as though fully set forth herein.

31.      As all relevant times, Brad Ferguson was the agent and employee of the Paymaster entities.

32.      Brad Ferguson individually and as an agent and employee of the Paymaster entities misappropriated the Named Plaintiff's and the Class Plaintiffs' funds over a period of

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

time, contrary to the law, the agreement of the Paymaster entities that they would pay the taxes, and the parties' course of dealing.

33.    Brad Ferguson, individually and as an agent and employee of the Paymaster entities, wrongfully withdrew money electronically and used false reports produced, prepared and generated by him and Defendant MPay to conceal illegal activity and to cause the Named Plaintiff and the Class Plaintiffs to believe their payroll taxes were being properly paid from the funds withdrawn from their accounts.

34.    Brad Ferguson and the Paymaster entities intended to deceive the Named Plaintiff and the Class Plaintiffs by inducing them to rely on these false representations.  They knew these representations were false and intended that the Named Plaintiff and the Class Plaintiffs rely on them to their detriment.  The Named Plaintiff and the Class Plaintiffs did reasonably and justifiably rely on the false representations.

35.    As a direct and proximate result of Brad Ferguson's actions individually, and as agent and employee of the Paymaster entities, the Named Plaintiff and the Class Plaintiffs sustained damages.

36.    Brad Ferguson's actions, individually and as an agent and employee of the Paymaster entities, were intentional, reckless, and made with malice, and were made with conscious disregard for the rights of the Named Plaintiff and the Class Plaintiffs as set forth above, and the Named Plaintiff and the Class Plaintiffs are entitled to punitive damages to deter defendants and others from like conduct.

WHEREFORE Plaintiff, PS Kids LLC, and the Class Plaintiffs pray for judgment against Brad Ferguson, Paymaster Business Services, Inc., Paymaster Business Solutions, Inc. and Paymaster Payroll Services, Inc. for compensatory damages in excess of the jurisdictional

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

minimum of this Court and for punitive damages and for such other and further relief as this Court deems just and proper.

### COUNT III – (BREACH OF CONTRACT)
### The Named Plaintiff and the Class Plaintiffs vs. the "Paymaster" Entities

COME NOW the Named Plaintiff and the Class Plaintiffs and for Count III of their Class Action Petition state:

37.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 36 of the General Allegations and of Counts I and II as though fully set forth herein.

38.    Paymaster Business Services, Inc., Paymaster Business Solutions, Inc. and Paymaster Payroll Services, Inc. agreed to render payroll services in return for the Named Plaintiff's and the Class Plaintiffs' payment to them of a fee.  They breached this agreement by failing to pay federal, state and local taxes when due with the funds electronically withdrawn from the Named Plaintiff's and the Class Plaintiffs' accounts and in compliance with the parties' agreements.

39.    As a direct and proximate result of the breach the Named Plaintiff and the Class Plaintiffs have been damaged.

WHEREFORE Plaintiff, PS Kids LLC, and the Class Plaintiffs pray for judgment against Paymaster Business Services, Inc., Paymaster Business Solutions, Inc. and Paymaster Payroll Services, Inc. for compensatory damages in an amount in excess of the jurisdictional minimum of this Court and for such other and further relief as this Court deems just and proper.

### COUNT IV – (NEGLIGENT MISREPRESENTATION)
### The Named Plaintiff and the Class Plaintiffs vs. M Pay, Inc.

COME NOW the Named Plaintiff and the Class Plaintiffs and for Count IV of their Class Action Petition state:

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

40.    The Named Plaintiff and the Class Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 39 of the General Allegations and Counts I through III as though fully set forth herein.

41.    Defendant MPay, Inc. provided payroll software and software application services, including but not limited to, reports that they knew would be provided to the Paymaster entities' clients including the Named Plaintiff and the Class Plaintiffs and upon which the Paymaster entities' clients including the Named Plaintiff and the Class Plaintiffs would rely in believing that necessary tax payments had been made and that their money was not being misappropriated.

42.    Defendant MPay knew or could have to known that the monies electronically withdrawn by the Paymaster entities from their clients' accounts, including the Named Plaintiff's account and the accounts of the Class Plaintiffs, were not being used to pay the applicable taxes. MPay had been told that Paymaster, unbeknownst to its customers, had insufficient staff, equipment and funding to conduct its business and was not properly processing payroll taxes and was misappropriating client funds.

43.    Defendant MPay, through its agents and employees, including the Paymaster entities, provided reports to the Paymaster entities' clients, including the Named Plaintiff and the Class Plaintiffs, for their use knowing, believing and intending that the Named Plaintiff and the Class Plaintiffs would rely on them and their accuracy in order to continue to profit from its relationship with the Paymaster entities.

44.    The Named Plaintiff and the Class Plaintiffs did justifiably rely on the reports generated by MPay.

15

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

45.    As a direct and proximate result of the negligent provision of information and representations by MPay, the Named Plaintiff and the Class Plaintiffs sustained damages.

46.    The actions of MPay were done with reckless and conscious disregard of the rights of the Named Plaintiff and the Class Plaintiffs, which combined lost approximately $3.124 million.  The Named Plaintiff and the Class Plaintiffs are entitled to an award of punitive damages to deter like conduct of MPay and others.

WHEREFORE the Named Plaintiff and the Class Plaintiffs pray for judgment against Defendant MPay for compensatory damages in an amount in excess of the jurisdictional minimum of this Court, for punitive damages and for such other and further relief as this Court deems just and proper.

## COUNT V – (NEGLIGENCE)
## The Named Plaintiff and the Class Plaintiffs vs. M Pay, Inc.

COME NOW the Named Plaintiff and the Class Plaintiffs and for Count V of their Class Action Petition state:

47.    The Named Plaintiff and the Class Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 46 of the General Allegations and Counts I through IV as though fully set forth herein.

48.    MPay, Inc. provided accounting and payroll management services, including but not limited to, software, data backup, software applications services, generation, processing, preparation and communication of reports that it knew would be provided to the Named Plaintiff and the Class Plaintiffs upon which the Named Plaintiff and the Class Plaintiffs would rely in believing that necessary tax payments had been made and that their money was not being misappropriated.  It provided software, assistance, facilitation and advice to the Paymaster entities.  Its multiple contracts with the Paymaster entities provided it access to and right to

16

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

inspect and control the Paymaster entities' data and the Paymaster entities' clients' data. It assumed and retained obligations in its contracts with the Paymaster entities. MPay's contracts provided conditions, oversight and control over the use of its software and services for which it charged, and enrollment, annual and per check fees which were ultimately paid the Paymaster entities' clients, including the Named Plaintiff and the Class Plaintiffs. It retained and assumed the right, duty and obligation to revoke the use of the software and application services if they were misused.

49.    The Paymaster entities' clients, including the Named Plaintiff and the Class Plaintiffs, were third party beneficiaries to the agreements between MPay and the Paymaster entities.

50.    MPay at all relevant times had a corporate code of ethics whereby it undertook to mandate the conduct of its employees, which covered and discussed situations like that presented when it was informed that Paymaster was stealing money from clients with the assistance of its software and software application services, and its employees failed to adhere to the obligations set forth in its code of ethics.

51.    It expressly and impliedly assumed a duty to the Paymaster entities' clients, including the Named Plaintiff and the Class Plaintiffs, through its contracts, actions, and corporate code of ethics. Further, MPay agents and employees, including Sarah Kasberg, undertook and assumed a duty to look into the report of the misappropriation of client funds but failed to follow-up. MPay agents and employees, including Sarah Kasberg, also assumed a duty by assuring the former employee of Paymaster who reported concerns about Paymaster that they would look into it.

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

52.     MPay Inc. knew or could have known that the monies withdrawn by the Paymaster entities from dozens of their clients' accounts, including those electronically withdrawn from the Named Plaintiff's and the Class Plaintiffs' accounts, were not being used to pay the applicable taxes. MPay, Inc. knew, unbeknownst to the Paymaster entities' customers, that Paymaster had insufficient staff, equipment and funding to conduct its business, was not properly processing payroll taxes and was misappropriating client funds because it had been warned of these matters by an employee of Paymaster Business Services, Inc. on multiple occasions in 2013 before and during the misappropriation of money belonging to the Named Plaintiff and the Class Plaintiffs. MPay also knew, while none of the Paymaster entities' clients did, that Paymaster was perpetually behind on its payments to MPay during 2012 and 2013. MPay knew and was told that Paymaster was closing its doors on or before December 17, 2013 while still behind on payments and within months of having been told that Paymaster was stealing client payroll money and was underfunded.  At all relevant times, MPay was communicating with Paymaster on at least a weekly basis about client payroll issues.

53.     Defendant MPay, Inc. was negligent in that despite all of the foregoing, it nonetheless continued to allow the use of its software and provided assistance, facilitation and advice preparing and assisting the Paymaster entities to prepare and communicate the false reports in a manner that allowed several million dollars to go missing, misappropriated and unpaid to the taxing authorities.  It was negligent in failing to report, inquire, investigate, adequately investigate, follow up on, revoke the Paymaster entities' use of its software and application services, demand an audit of Paymaster records, as was its right, duty and obligation under its contracts, or take any action whatsoever.  It was negligent in failing to comply with its contractually assumed duties and obligations.  It was negligent in failing to enforce its rights and

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

obligations under its contract with Paymaster of which Paymaster's clients, including the Named Plaintiff and the Class Plaintiffs, were third party beneficiaries. It was negligent in failing to comply with its code of ethics. It was negligent in failing to look into the allegations of the former Paymaster employee, after agreeing to do so. Thus, not only did its failure breach its assumed duty and obligation, but it caused Paymaster's former employee to take no further action to report Paymaster's activities in reliance upon MPay's representations.

54.    MPay's acts or omissions not only allowed the continued misappropriation of money but allowed Paymaster/Ferguson, to destroy records and hide funds such that the authorities, the Named Plaintiff and the Class Plaintiffs were unable to locate and recover the vast majority of the stolen money, much of which occurred in between the time it was notified that Paymaster was closing its doors and when the Named Plaintiff and the Class Plaintiffs discovered the Paymaster office was closed and empty, all to the detriment of Paymaster's clients including the Named Plaintiff and the Class Plaintiffs.

55.    As a direct and proximate result of the negligence of Defendant MPay, Inc., the Named Plaintiff and the Class Plaintiffs sustained damages.

56.    The actions of Defendant MPay, Inc. were done with reckless and conscious disregard of the rights of the Named Plaintiff and the Class Plaintiffs, which combined led to the loss of approximately $3 million, and the Named Plaintiff and the Class Plaintiffs are entitled to an award of punitive damages to deter like conduct of Defendant MPay, Inc. and others.

WHEREFORE the Named Plaintiff and the Class Plaintiff pray for judgment against Defendant M Pay, for compensatory damages in an amount in excess of the jurisdictional minimum of this Court, for punitive damages and for such other and further relief as this Court deems just and proper.

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM

### COUNT VI –(CONVERSION)
### The Named Plaintiff and the Class Plaintiffs vs. the "Paymaster" Entities and Ferguson

COME NOW Plaintiff PS Kids LLC and the Class Plaintiffs and for Count VI of their Class Action Petition state:

57.     The Named Plaintiff and the Class Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 56 of the General Allegations and Counts I through V as though fully set forth herein.

58.     Defendants Paymaster Business Services, Inc., Paymaster Business Solutions, Inc. and Paymaster Payroll Services, Inc. and Brad Ferguson and each of them jointly and wrongfully electronically withdrew the Named Plaintiff's and the Class Plaintiffs' money from their accounts.  They had no authority to do so as such authority was given only for these Defendants to withdraw funds for the payment of payroll and payroll taxes.  Beginning 2013, it was the intent of these Defendants not to pay taxes even before the funds were withdrawn.  They therefore converted the Named Plaintiff's and the Class Plaintiffs' funds that were to be utilized for the payment of applicable taxes.  These Defendants and each of them took possession of the funds with the intent to exercise control over them, failed and refused to return the funds or remit them to the appropriate taxing authority and deprived the Named Plaintiff and the Class Plaintiffs of their right to possession of said funds and ability to make the applicable tax payments.

59.     As a direct and proximate result of this unlawful conversion, the Named Plaintiff and the Class Plaintiffs were damaged.

60.     The actions of these Defendants were done with malice, evil intent, reckless and conscious disregard of the rights of the Named Plaintiff and the Class Plaintiffs and they are entitled to an award of punitive damages to deter these Defendants and others from like conduct.

WHEREFORE the Named Plaintiff and the Class Plaintiffs pray for judgment against Defendants Paymaster Business Services, Inc., Paymaster Business Solutions, Inc., Paymaster Payroll Services, Inc. and Brad Ferguson, for compensatory damages in an amount in excess of the jurisdictional minimum of this Court, for punitive damages and for such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL OF ALL ISSUES**

61.    The Named Plaintiff and the Class Plaintiffs in the above-entitled cause demand a trial by jury on all issues triable by a jury.

WILLIAMS VENKER & SANDERS, LLC

By    /s/ Michael Hunter
Michael Hunter, #45097
100 North Broadway, 21st Floor
St. Louis, Missouri  63102
314/345-5000
314/345-5055 (FAX)

ATTORNEYS FOR PLAINTIFF PS KIDS, LLC
AND THE PROPOSED CLASS PLAINTIFFS

Electronically Filed - St Louis County - July 24, 2017 - 11:06 AM