UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PS KIDS LLC, individually and on behalf of all other similarly situated persons and entities, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:17CV02374 AGF ) |
| PAYMASTER BUSINESS SERVICES, INC; PAYMASTER BUSINESS SOLUTIONS, INC.; PAYMASTER PAYROLL SERVICES, INC.; BRAD FERGUSON; and MPAY INC.. | ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This putative class action alleging the misappropriation of payroll funds is before the Court on the motions of Defendant MPay Inc. ("MPay") to dismiss the four Missouri (diversity-destroying) Defendants (ECF No. 3) and to dismiss MPay for lack of personal jurisdiction (ECF No. 11), and the motion of Plaintiff PS Kids LLC to remand the case to the state court in which it was filed (ECF No. 7). For the reasons set forth below, the motion to dismiss the Missouri Defendants will be granted, and the two other motions will be denied.

# BACKGROUND

Plaintiff filed this action in Missouri state court on July 24, 2017, against five Defendants: (1) Paymaster Business Services, Inc., a Missouri company that ceased

operations in 2013; (2) Paymaster Business Solutions, Inc., a former Missouri company that was administratively dissolved in 2011; (3) Paymaster Payroll Services, Inc., a former Missouri company that was administratively dissolved in 2011; (4) Brad Ferguson, a Missouri resident currently incarcerated in a federal prison, who at all relevant times was an employee and agent of the three above-named "Paymaster Defendants"; and (5) MPay, a citizen of Massachusetts and Virginia.

Plaintiff alleges in its complaint that during 2013, the Paymaster Defendants provided payroll services to Plaintiff and other businesses, and misappropriated Plaintiff's and the other businesses' funds rather than paying the funds to taxing authorities on the businesses' behalf. Plaintiff alleges that MPay, through its contractual and agency relationship with the Paymaster Defendants, contracted for and conducted payroll processing services for the Plaintiff and the putative class members, which are entities located in Missouri. Plaintiff states this Court has personal jurisdiction over MPay because MPay "purposely directed its activities toward the State of Missouri generally by offering its goods and services systemically throughout Missouri." ECF No. 4 at 5. Plaintiff further asserts that MPay is subject to personal jurisdiction in Missouri because it committed torts in Missouri; specifically, MPay continued to provide services payroll processing services even after being told that the Paymaster Defendants were misappropriating client payroll funds and were going out of business.

The complaint asserts state law claims of negligence against the Paymaster Defendants (Count I), misrepresentation against the Paymaster Defendants and Ferguson (Count II), breach of contract against the Paymaster Defendants (Count III), negligent

misrepresentation and negligence against MPay, Inc. (Counts IV and V), and conversion against the Paymaster Defendants and Ferguson (Count VII). Plaintiff stated in the complaint that the compensatory and punitive damages sought by the putative class, which consisted of "dozens of persons or entities," would not exceed $5,000,000. *Id.* at 8-9. Plaintiff's negligence claim against MPay is premised on the theory that the Paymaster Defendants' clients, such as Plaintiff, were third-party beneficiaries of the software licensing agreement between MPay and the Paymaster Defendants, and that MPay was negligent in failing to stop the Paymaster Defendants' misappropriation of their clients' money, which Plaintiff alleges MPay had a right, duty, and obligation to do under the licensing agreement.

It is undisputed that on January 24, 2014, Plaintiff filed an action in Missouri state court against all five Defendants based on the same conduct sued upon here. MPay filed a crossclaim against the Missouri Defendants, as well as a motion for summary judgment. Plaintiff obtained an order of default against the Missouri Defendants, but did not proceed to seek default judgment against them; rather, on June 13, 2017, shortly before trial against MPay, and before the trial court ruled on MPay's motion for summary judgment, Plaintiff filed a notice of dismissal dismissing its claims against MPay without prejudice. The trial court ordered such dismissal on June 14, 2017.

As noted above, Plaintiff filed the present action in state court on July 24, 2017, this time as a class action. Plaintiff states in its complaint that it is a Missouri company and MPay does not refute this. MPay removed the action on September 7, 2017, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and the

Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). In the Notice of Removal, MPay asserted that there was complete diversity of citizenship because the Paymaster Defendants were fraudulently joined as Defendants. The Notice of Removal included the following statement:

> By filing this Notice of Removal, Defendant MPay does not waive any defenses which may be available to it, including but not limited to lack of personal jurisdiction. Defendant will be raising the issue of lack of personal jurisdiction within the time period allowed under Federal Rule of Civil Procedure 81.

ECF No. 1 at 5. At the time of removal, MPay was the only Defendant that had been served.

On the same day that it removed the action from state court, MPay filed a "Motion to Dismiss and to Remove for Improper and Pretensive Joinder" directed to the Missouri Defendants (the Paymaster Defendants and Ferguson). MPay argues that it is evident from Plaintiff's past litigation history against these same Defendants in state court, that Plaintiff has no real intention of prosecuting the present action against them, and joined them here solely to defeat diversity jurisdiction. In this motion to dismiss, MPay did not mention personal jurisdiction.

On September 14, 2017, MPay filed (1) a motion to dismiss the complaint, or in the alternative, a stay, pending Plaintiff's payment of the costs assessed in the first state action; (2) a motion to dismiss the complaint against MPay for lack of personal jurisdiction; and (3) a general entry of appearance by two attorneys on behalf of MPay.

In addition to responding to MPay's motion to dismiss the Missouri Defendants, Plaintiff filed a motion to remand the case to state court. In support of that motion, as

4

well as in response to MPay's motion to dismiss, Plaintiff argues that the complaint states a claim against the Missouri Defendants, something MPay does not contest, and the fact that Plaintiff voluntarily dismissed the claims against them without prejudice, rather than pursuing a default judgment against them, in the previous state lawsuit is of no consequence.

With respect to MPay's motion to dismiss the complaint for lack of personal jurisdiction, Plaintiff responds that MPay has waived the defense of lack of personal jurisdiction (1) by participating fully in the 2014 state court action involving the same conduct and parties and availing itself of the Missouri courts in connection with that action by filing a crossclaim, as well as a motion for summary judgment; and (2) by not raising lack of personal jurisdiction in MPay's motion to dismiss the diversity-destroying Defendants. Plaintiff points to Federal Rule of Civil Procedure 12(h)(1), which states that "a party waives any defense listed in Rule 12(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2) . . . ." Rule 12(g)(2) provides: "[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." On the merits of the personal jurisdiction issue, Plaintiff argues that this Court has specific personal jurisdiction over MPay because MPay purposely availed itself of the forum by entering into a "business relationship" with one of the Paymaster Defendants, a Missouri corporation.

In reply, MPay argues that the voluntary dismissal by Plaintiff of the 2014 state court action rendered that suit a nullity, and thus, MPay's participation in the action

5

cannot impact MPay's rights or defenses in this new class action lawsuit. MPay further argues that the filing of the motion to dismiss the Missouri Defendants based on fraudulent joinder did not waive its right to challenge personal jurisdiction in a subsequent motion to dismiss.

On September 28, 2017, MPay filed a notice stating it has now received payment of the costs from the first state action and was withdrawing its motion to dismiss or for a stay pending such payment.

The docket sheet in the present case indicates that three of the four Missouri Defendants were served on October 6, 2017, and that the fourth was never served. By Order dated November 30, 2017, the Magistrate Judge initially assigned to the case noted that the three Missouri Defendants that were served had failed to respond to the complaint. Nor have they done so to date. Plaintiff has not moved for entry of default or for default judgment against them. Meanwhile, on September 20, 2017, and November 8, 2017, two more attorneys entered their appearances as co-counsel on behalf of MPay, in neither instance mentioning personal jurisdiction.

## DISCUSSION

**Diversity Jurisdiction**

Federal district courts have diversity jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The diversity jurisdiction statute has been interpreted to require "complete diversity." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Diversity is complete "only if there is no plaintiff and no defendant who are

citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (citation omitted). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "All doubts about federal jurisdiction must be resolved in favor of remand." *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015).

"Joinder [of a defendant] designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). "[J]oinder is fraudulent if there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006); *see also Jameson v. Gough*, No. 4:09CV2021 RWS, 2010 WL 716107, at *6 (E.D. Mo. Feb. 24, 2010).

Here, three factors lead the Court to conclude that Plaintiff had no real intention of prosecuting this action against the Missouri Defendants and joined them as Defendants solely to defeat the Court's diversity jurisdiction: Plaintiff did not proceed to turn the order of default into a default judgment in the state action; Plaintiff has not moved for entry of default against the three Missouri Defendants who have been served, and failed to serve the fourth Missouri Defendant, in the current case; and the Missouri Defendants appear to be judgment proof.[1] *See, e.g.*, *Joe v. Minn. Life Ins. Co.*, 257 F. Supp. 2d 845,

---

[1] Plaintiff offers no explanation for failing to proceed against the Missouri Defendants, apart from asserting that the complaint states a cause of action.

850 & n.9 (S.D. Miss. 2003) (relying on evidence that the plaintiffs in prior related cases never moved for default judgment against the resident defendants when they failed to answer the complaint; inferring that "this plaintiff, as have other plaintiffs in [prior related cases] has no good faith intention of prosecuting her claim against these resident defendants"); *In re Diet Drugs Prods. Liab. Litig.*, 220 F. Supp. 2d 414, 424 (E.D. Pa. 2002).

The Court will, therefore, grant MPay's motion to dismiss the Missouri Defendants (without prejudice) and deny Plaintiff's motion to remand the case to state court.

**<u>Personal Jurisdiction</u>**

The Court concludes that MPay waived its right to challenge the Court's personal jurisdiction. "Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982). The Court agrees with MPay that its participation in the first state action did not waive MPay's right to now challenge this Court's personal jurisdiction over MPay. *See Toytrackerz LLC v. Am. Plastic Equip., Inc.*, 615 F. Supp. 2d 1242, 1255 (D. Kan. 2009) ("[F]ailing to object to the state court's exercise of personal jurisdiction in the State Court Action does not constitute implied consent to personal jurisdiction in the case now before the Court. . . . Any waiver of a defense of lack of personal jurisdiction in [that] prior action[ ] does not carry over to this case."). And "removal, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction." *Snelling v. HSBC Card Servs., Inc.*, No.

4:14CV431 CDP, 2015 WL 457949, at *11 (E.D. Mo. Feb. 3, 2015) (citation omitted). But here, under Rule 12(h)(4), MPay's failure to raise a personal jurisdiction defense in its motion to dismiss the diversity-destroying Defendants waived its right to assert the defense thereafter. Moreover, all of MPay's co-council's appearances, without indicating that they were limited or special appearances, waived MPay's right to challenge personal jurisdiction. *See Nationwide Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 348 (8th Cir. 1988). While a defendant may make a limited or special appearance for purposes of contesting personal jurisdiction, *Garrett v. Albright*, No. 4:06CV4137NKL, 2008 WL 920310, at * 3 (W.D. Mo. Apr. 1, 2008), this was not done here. *See TLC Vision (USA) Corp. v. Freeman*, No. 4:12CV01855 ERW, 2013 WL 2181267, at *6 (E.D. Mo. May 20, 2013).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant MPay Inc. to dismiss Defendants Paymaster Business Services, Inc.; Paymaster Business Solutions, Inc.; Paymaster Payroll Services, Inc.; and Brad Ferguson is **GRANTED**, said dismissals being without prejudice. (ECF No. 3.)

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand is **DENIED**. (ECF No. 7.)

**IT IS FURTHER ORDERED** that the motion of Defendant MPay Inc. to dismiss the complaint as to it for lack of personal jurisdiction is **DENIED**. (ECF No. 11.)

A Rule 16 scheduling conference will be set by separate order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of February, 2018.